# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

TAI RANGE, ADC # 153726                                                       PLAINTIFF

v.                             4:16CV00126-BRW-JJV

DOC HOLLADAY, Sheriff,
Pulaski County Sheriff's Office; *et al.*                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff brought this action on March 7, 2016, alleging Defendants failed to protect him from being assaulted by his cell mate. (Doc. No. 2 at 4.) He specified, however, that he was bringing these claims against Defendants only in their official capacities. (*Id*. at 2.) On March 8, 2016, I warned Plaintiff that his Complaint failed to state an actionable claim because his official capacity claims, which were in essence claims against Pulaski County itself, did not implicate any county policies or customs. (Doc. No. 3 at 2.) I offered him an opportunity to amend his Complaint in order to change the capacity of his suit or to explain how county custom had caused his alleged injuries. (*Id*.) Plaintiff filed his Amended Complaint on March 16, 2016, and again specified that he was bringing only official capacity claims. (Doc. No. 4 at 2.) These newly pleaded allegations also fail to implicate any county custom or policy.

Based on the foregoing, I recommend this action be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will have a final opportunity to change the capacity of his claims or allege the existence of some offending custom in his objections.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

    2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 17th day of March, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."